R. ROWLAND & COMPANY, INC., Appellant,

v.

David J. LEAHY et al., Respondents.

No. 60138.

Supreme Court of Missouri, en banc.

Feb. 8, 1978.

On July 19, 1972, Leonard P. Betz, a registered representative for plaintiff R. Rowland & Company, Inc., took an order from Leahy to purchase for him 1,000 shares of the common stock of Occidental Petroleum.

According to Leahy, his instructions to Betz were as follows:

"Q. Would you advise the Court under what terms and circumstances you advised the purchase?

"A. I told him the next morning I wanted him to buy me a thousand shares of Occidental Petroleum when the market opened, after the market opened and resumed trading. At that time I wanted him to buy me my stock and call me immediately and let me know, to confirm it.

   *    *    *    *    *    *

"Q. Did you specify that the purchase was not to be made until after trading resumed in the stock?

"A. That's what I told him that I wanted him to do for me.

"Q. That was a requirement of your purchase?

"A. Yes, sir."

Betz's testimony was not materially different. He stated that Leahy told him to purchase when the market opened.

After receiving Leahy's instructions, Betz placed a day order for 1,000 shares of Occidental Petroleum. At that time, trading in Occidental Petroleum was suspended. On July 20, at 9:18 a. m., Betz placed another day order for 1,000 shares of Occidental Petroleum. At approximately 10:30 a. m., on July 20, trading resumed in Occidental Petroleum. Shortly after 10:30 a. m., Leahy was advised by phone by one of plaintiff's secretaries that the stock had been purchased and that he was due a price of 18¼. The stock was then selling for 16. Leahy instructed the secretary not to put his name on the stock and refused to pay for the stock. Plaintiff sold it on August 7, 1972, for 13¼, and instituted this suit to

Frederick H. Mayer, Daniel J. Murphy, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

R. J. Slater, Padberg, McSweeney & Slater, St. Louis, for respondents.

DONNELLY, Judge.

This cause was tried by the trial court without a jury. Judgment was for defendants David J. Leahy and his wife. Plaintiff appealed to the St. Louis District of the Court of Appeals. The cause was transferred here on the certification of a dissenting judge and will be decided here "the same as on original appeal." Mo.Const. Art. V, § 10.

recover the loss. Plaintiff concedes it made no case against Mrs. Leahy.

The controversy in this case results from the instructions given by Leahy to Betz.

According to the evidence, Leahy's instructions *could* have resulted in two courses of action by Betz:

(1) Betz could have *placed* the order while trading in Occidental Petroleum was suspended. When trading in a stock is suspended, a specialist matches orders and a buyer pays a "pool" price when the stock resumes trading. In this case, the "pool" price was 18¼.

(2) Betz could have *placed* the order *after* trading in Occidental Petroleum resumed on July 20. A buyer would then pay a "competitive bid" price, a result of the stock being actively traded.

Betz followed the former course of action. Leahy contends Betz should have followed the latter course of action.

"The ordinary relationship of a stockbroker to his customer is that of principal and agent." 12 Am.Jur.2d, Brokers § 113. When the instructions of a principal to his agent are not ambiguous, they must be followed. 3 Am.Jur.2d, Agency § 206. "If an authorization is ambiguous because of facts of which the agent has no notice, he has authority to act in accordance with what he reasonably believes to be the intent of the principal although this is contrary to the principal's intent; * * *." Restatement of Agency 2d, § 44. However, if "at the time of acting, the agent should realize the possibility of conflicting interpretations, ordinarily he is not authorized to act, since it would be his duty to communicate with the principal and obtain more definite instructions." Restatement of Agency 2d, § 44, Comment c.

In our opinion, Leahy's instructions to Betz were such that Betz should have realized the possibility of conflicting interpretations. When Betz acted in the face of this ambiguity, without communicating with Leahy and obtaining more definite instruc-tions, he took the risk and plaintiff must bear the loss.

The judgment is affirmed.

All concur.